**Case No. 26-3031**

---

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

---

**MARK LOVELL**
**Plaintiff-Appellee**

**V.**

**CLERMONT COUNTY, OH SHERIFF'S OFFICE, et al.**
**Defendants**

---

**On Appeal for the United States District Court**
**for the Southern District of Ohio, Western Division**

---

# BRIEF OF DEFENDANTS-APPELLANTS

---

***Oral Argument Requested***

Respectfully submitted,


MARK J. TEKULVE
CLERMONT COUNTY
PROSECUTOR

/s/ Brian C. Shrive
Brian C. Shrive (OH 0088980)
Jeannette E. Nichols (OH 0071627)
Daniel B. Startsman, III (OH0082282)
Assistant Prosecuting Attorneys
101 E. Main Street
Batavia, Ohio 45103

LAZARUS LAW, LLC

/s/Kimberly A. Rutowski by Brian C. Shrive, per email authority
Kimberly A. Rutowski (OH 0076653)
Lazarus Law, LLC
525 Vine St. Suite 2210
Cincinnati, OH 45202
Telephone: 513-721-7300
Facsimile: 513-721-7008

Telephone: (513) 732-8178
Facsimile: (513) 732-8171
Email:
bshrive@clermontcountyohio.gov
jnichols@clermontcountyohio.gov
dbstartsman@clermontcountyohio.gov

Counsel for Defendant Joseph Bailey in his official capacity, Defendant Eric Mullenix in his official capacity, Defendant Gregory Paff in his official and individual capacities, Defendant Dylan Pemberton in his official capacity, Defendant Alex Tincher in his official capacity and Defendant Terra Shouse in her official capacity

Email: krutowski@hllmlaw.com

Counsel for Defendant Joseph Bailey in his individual capacity, Defendant Eric Mullenix in his individual capacity, Defendant Dylan Pemberton in his individual capacity, Defendant Alex Tincher in his individual capacity and Defendant Terra Shouse in her individual capacity

**DISCLOSURE OF CORPORATE AFFILIATIONS AND FINANCIAL INTEREST**

Pursuant to Sixth Circuit Rule 26.1, Defendants-Appellees offer the following disclosures:

1. Appellants herein are not a subsidiary or affiliate of any publicly owned corporation.
2. There are no publicly owned corporations, not a party to the appeal, that have a financial interest in the outcome.

Respectfully submitted,

| | |
|---|---|
| MARK J. TEKULVE,<br>CLERMONT COUNTY<br>PROSECUTOR | LAZARUS LAW, LLC |
| /s/ Brian C. Shrive | /s/Kimberly A. Rutowski by Brian C. Shrive, per email authority |
| Brian C. Shrive (OH 0088980)<br>Jeannette E. Nichols (OH 0071627)<br>Daniel B. Startsman, III (OH0082282)<br>Assistant Prosecuting Attorneys | Kimberly A. Rutowski (OH 0076653) |

## TABLE OF CONTENTS


| | Page |
|---|---|
| DISCLOSURE OF CORPORATE AFFILIATIONS AND FINANCIAL INTEREST | i |
| TABLE OF CONTENTS | ii |
| TABLE OF AUTHORITIES | iv |
| STATEMENT IN SUPPORT OF ORAL ARGUMENT | vi |
| I. STATEMENT OF JURISDICTION | 1 |
| II. STATEMENT OF ISSUES | 3 |
| III. STATEMENT OF THE CASE | 3 |
| IV. SUMMARY OF THE ARGUMENT | 7 |
| V. ARGUMENT | 9 |
| Standard of Review and Applicable Standards | 9 |
| 1. The District Court erred as a matter of law in determining that the Plaintiff did not actively resist the Defendant Officers | 12 |
| a. The District Court erred as a matter of law in determining that there was no active resistance during the first use of force. | 13 |
| b. The District Court erred as a matter of law in determining that there was no active resistance during the second use of force. | 17 |
| 2. The District Court erred in failing to consider the legitimate government interest in maintaining jail security and order. | 21 |
| 3. The District Court failed to properly take into account all facts and circumstances and to consider the totality of the circumstances. | 23 |
| VI. CONCLUSION | 26 |
| CERTIFICATE OF COMPLIANCE | 28 |

| | |
|---|---|
| CERTIFICATE OF SERVICE | 29 |
| DESIGNATION OF DISTRICT COURT RECORD | A-1 |

# TABLE OF AUTHORITIES


| Authority | Page |
|---|---|
| *Bard v. Brown Cnty., Ohio*, 970 F.3d 738 (6th Cir. 2020) | 19, 22 |
| *Barnes v. Felix*, 605 U.S. 73 (2025) | 10, 11, 16, 23, 24, 25, 26 |
| *Caie v. W. Bloomfield Twp.,* 485 F. App'x 92 (6th Cir. 2012) | 15 |
| *Caldwell v. Moore*, 968 F.2d 595 (6th Cir. 1992) | 22 |
| *Chappell v. City Of Cleveland*, 585 F.3d 901 (6th Cir. 2009) | 19 |
| *Cretacci v. Call,* 988 F.3d 860 (6th Cir. 2021) | 22 |
| *Cunningham v. Shelby Cnty., Tennessee*, 994 F.3d 761 (6th Cir. 2021) | 12, 15, 20 |
| *Farris v. Oakland Cnty., Michigan*, 96 F.4th 956 (6th Cir. 2024) | 18 |
| *Feagin v. Mansfield Police Dep't,* 155 F.4th 595 (6th Cir. 2025) | 9, 10, 11, 13, 16, 17, 18, 21, 24 |
| *Graham v. Connor*, 490 U.S. 386 (1989) | 10, 11, 12, 15, 23 |
| *Hanson v. Madison Cnty. Det. Ctr.*, 736 F. Appx 521 (6th Cir. 2018) | 16 |
| *Jackson-Gibson v. Beasley*, 118 F.4th 848 (6th Cir. 2024) | 12, 16 |
| *Johnson v. Moseley*, 790 F.3d 649 (6th Cir. 2015) | 10 |
| *Johnson v. Russell*, 155 F.4th 759 (6th Cir. 2025) | 2, 9, 10 |
| *Kingsley v. Hendrickson,* 576 U.S. 389 (2015) | 11, 21, 22 |
| *Marvin v. City of Taylor,* 509 F.3d 234, 246 (6th Cir. 2007) | 25 |
| *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986) | 10 |
| *Plumhoff v. Rickard*, 572 U.S. 765 (2014) | 9 |
| *Rudlaff v. Gillispie,* 791 F.3d 638 (6th Cir. 2015) | 13, 15 |

| **Authority** | **Page** |
|---|---|
| *Scott v. Harris*, 550 U.S. 372 (2007) | 2 |
| *Shumate v. City of Adrian*, 44 F.4th 427 (6th Cir. 2022) | 12 |
| *Tanner v. Walters*, 98 F.4th 726 (6th Cir. 2024) | 2 |
| *Turner v. Safley,* 482 U.S. 78 (1987) | 22 |
| *Whyde v. Sigsworth,* No. 22-3581, 2024 WL 4719649 (6th Cir. Nov. 8, 2024) | 23 |
| 28 U.S.C. § § 1331 and 1343 | 1 |
| 42 U.S.C. § 1983 | 1, 3 |
| 28 U.S.C. § 1291 | 2 |
| Fed. R. Civ. P. 56 | 9, 10 |

## STATEMENT IN SUPPORT OF ORAL ARGUMENT

Pursuant to Fed. R. App. P. 34(a) and 6 Cir. R. 34(a), Appellants respectfully request oral argument in this matter as it will significantly aid the record and the Court's decision-making process. Oral argument will provide the opportunity to more fully address the material issues that are relevant to the Court's determination of whether the Appellants' reactions were justified and their actions reasonable, entitling them to qualified immunity. Appellants assert that oral argument in this case may also be useful to provide clarity with regard to many of the arguments and points addressed in briefing and respond to any questions the Court may have regarding the record and applicable history of proceedings.

## I. STATEMENT OF JURISDICTION

Appellee, Mark Lovell, filed an Amended Complaint in the United States District Court, Southern District of Ohio, on February 28, 2024 alleging, among other things that Appellants used excessive force against him in violation of his Constitutional rights and 42 U.S.C. § 1983. (Amend. Comp., R. 23, Page ID # 152). The District Court for the Southern District of Ohio ("District Court") had subject matter jurisdiction over the underlying case pursuant to 28 U.S.C. §§ 1331 and 1343.

Appellants filed a motion for summary judgment on all counts on July 25, 2025. (Motion for Summary Judgment ("MSJ"), R. 58, Page ID # 1220). Appellee filed his Response in Opposition to Appellants' motion for summary judgment on August 22, 2025. (Resp. in Opp. to MSJ, R. 64, Page ID # 1720). Appellants filed a Reply to Appellee's response on September 5, 2025. (Reply to Resp. in Opp., R. 69, Page ID # 1849). With leave of court, Appellee filed an Amended Response to Appellants' motion for summary judgment on October 28, 2025. (Amend. Resp., R. 81, Page ID # 2508). The Court issued a Memorandum Opinion and Order on January 2, 2026 granting Appellants' motion for summary judgment on all counts except for Counts One and Two. (Dist. Ct. Op., R. 85, Page ID # 3128). Appellants filed a timely notice of appeal in this court on January 13, 2026. (Notice of Appeal, R. 86, Page ID #3189).

In Appellants' motion for summary judgment, Appellants asserted the defense of qualified immunity in response to Appellee's allegations that Appellants used excessive force in Counts One and Two. Pursuant to 28 U.S.C. § 1291, this Court "may review 'appeals from all final decisions of the district courts.'" *Tanner v. Walters*, 98 F.4th 726, 732 (6th Cir. 2024).

A district court's denial of qualified immunity is an appealable final decision to the extent the appeal presents purely legal questions. *Id.* Appellants bring this appeal for the Court to review their challenge of the District Court's legal determination that a genuine issue of material fact exists as to whether the Defendant Officers' actions violated a clearly established constitutional right. *Johnson v. Russell*, 155 F.4th 759, 763 (6th Cir. 2025).

The Court may decide "as a legal question, a challenge to the court's factual determination when the challenge contests that determination as 'blatantly contradicted by the record, so that no reasonable jury could believe it.'" *Johnson*, 155 F.4th at 763-764; *citing Scott v. Harris*, 550 U.S. 372, 380 (2007). Therefore, this Court has jurisdiction to decide whether the District Court, as a matter of law, erred in making its factual determinations, such as "whether the court properly assessed the incontrovertible record evidence." *Id.* at 763.

The Appellants are accepting the record taken in the videos and in the Appellee's light, and therefore the question before the Court is a pure question of law: whether or not the Appellants' conduct violated the Fourth Amendment.

## II. STATEMENT OF THE ISSUES

Whether the District Court erred as a matter of law in denying the Appellants' assertion of qualified immunity in their Motion for Summary Judgement as to Appellee's excessive force claims.

## III. STATEMENT OF THE CASE

Appellee's, Plaintiff Mark Lovell ("Plaintiff"), Amended Complaint raises ten claims against Clermont County Corrections Officers Bailey, Mullenix, Paff, Pemberton, Tincher and Shouse (collectively referred to as "Defendant Officers"), the Clermont County Sheriff, and the Board of County Commissioners ("Board"). Summary judgement was granted in favor of the Defendant Officers, the Clermont County Sheriff, and the Board with respect to claims three through ten. Officer Shouse was granted qualified immunity as to Count One, and Officer Tincher was granted qualified immunity as to Count Two. The remaining Defendant Officers' assertion of qualified immunity was denied as to the Plaintiff's excessive force claims under §1983 in Counts One and Two.

Plaintiff does not remember the events of Saturday, February 27, 2021. (Lovell Dep., R. 45, Page ID ## 705-706). Plaintiff was arrested for disorderly

conduct and resisting arrest by a Williamsburg police officer, and on the way to the jail threatened the arresting officer and his family. (MSJ Ex. 2, Williamsburg Rpt., R. 58-3, Page ID # 1305). Jail staff were advised that a Williamsburg officer was bringing in an arrestee "direct" and the Defendant Officers were made aware of the Plaintiff's threats to the officer and resisting arrest charges. (Dist. Ct. Op., R. 85, Page ID #3132, *citing to* Def. Undisp. Facts, R. 58-1, Page ID #1276, ¶¶ 36-39.)

Upon arrival, Plaintiff exhibited intoxication, slurred speech, slightly unsteady gait, and had noticeable injuries to his face. (MSJ Exh. 5, R. 58-6, Video 00012, 00:35-00:50). At the start of the intake process, Plaintiff became agitated during the initial pat down in the sallyport, making verbally belligerent comments to the officers. (*Id*. at 00:50 – 02:10). Plaintiff was escorted to the booking counter to continue the intake process, where he continued his verbal belligerence and began clenching his arm muscles and pulling from Officer Bailey's grip. (*Id*. at 00:50-04:40; MSJ Exh. 6, R. 58-7, Page ID #1352). Officers instructed Plaintiff multiple times to relax and calm down. *Id.*

Four separate cameras recorded the intake process once the Plaintiff was placed at the booking counter. Sgt. Newsome operated a handheld camera. (MSJ Exh. 5, R. 58-6, Video 00012). Three fixed cameras, designated as "119 Booking Counter Left", "117 Booking Counter Right", and "169 Booking", show different angles of the booking area. (MSJ Exh. 9, R. 58-10, Video 20210228-RTR-Booking-

LovellMark-02). The footage from each of these three fixed cameras is contained in one exhibit. *Id.*[1]

The booking process was discontinued due to the officers' concerns about the Plaintiff's level of intoxication, and the Plaintiff was taken to the nurse for evaluation. (MSJ Exh. 6, R. 58-7, Page ID #1352*)*. The following events in the booking area are referred to by the District Court as the "First use of Force", and the Defendant Officers will continue to use that reference as well. (Dist. Ct. Op., R. 85, Page ID # 3133). During the evaluation, Plaintiff continued his verbal belligerence and continued to clench his fist and arm which was in Officer Bailey's hold, while pulling his other arm away from the Nurse. (MSJ Exh. 9, R. 58-10, Video 20210228-RTR-Booking-LovellMark-02, 117 Booking Counter Right, 12:30:30-12:31:20; MSJ Exh. 6, R.58-7, Page ID # 1352; MSJ Exh. 5, R. 58-6, Video 00012, 4:40-5:27). As the Defendant Officers attempted to remove Plaintiff to the restraint chair, Plaintiff continued to be noncompliant, tense his arm muscles, and try to pull away from the officers resulting in the officers taking Plaintiff to the ground to regain control of him. (MSJ Exh. 9, R. 58-10, Video 20210228-RTR-Booking-LovellMark-02, 117 Booking Counter Right, 12:31:20-12:31:25, 119 Booking Counter Left,

---

[1] Defendant Officers submit that the footage in MSJ Exh 9, R. 58-10, Video 20210228-RTR-Booking-LovellMark-02 does not contain audio. Each individual camera's footage can be selected and enlarged to full screen by double-clicking on the video itself.

12:31:20-12:31:29; MSJ Exh. 6, R. 58-7, Page ID # 1352; MSJ Exh. 5, R. 58-6 Video 00012, 05:25-05:35). While on the ground, Plaintiff refused to comply with commands and give up his arms to be handcuffed, at one point wrestling his right arm from an Officer's control and tucking it under his body. (MSJ Exh. 9, R. 58-10, Video 20210228-RTR-Booking-LovellMark-02, 169 Booking, 12:31:30-12:31:50). The Officers used OC Pepper Spray and tactical strikes to gain control of Plaintiff. (*Id.;* MSJ Exh. 6, R. 58-7, Page ID ## 1352, 1355, 1357, 1359).

Once the Officers had control of Plaintiff, he was placed into the restraint chair. (MSJ Exh. 6, R. 58-7, Page ID # 1352; MSJ Exh. 5, R. 58-6, Video 00012, 6:05-7:40). Upon removal from the restraint chair at approximately 2:26 a.m., the Defendant Officers transferred Plaintiff to the shower room where Plaintiff charged Officer Mullinex. (MSJ Exh. 6, R. 58-7, Page ID ## 1353, 1356, 1358, 1361). The events occurring after the Plaintiff's removal from the restraint chair are referred to by the District Court as the "Second use of Force", and the Defendant Officers will continue to use that reference as well. (Dist. Ct. Op., R. 85, Page ID # 3136).

There is only one video from one camera that captures any portion of the second use of force, and although that footage does not capture the entirety of the incident, the audio portion of the footage does capture the sounds of a struggle before the visual record begins. (MSJ Exh. 10, R. 58-11, Video 00013, 3:55-4:30). Plaintiff continued to actively resist by refusing their directives to give up his hands for

handcuffing and physically struggling against their attempts to handcuff him. (MSJ Exh. 6, R. 58-7, Page # ID 1353; MSJ Exh. 10, R. 58-11, Video 00013, at 4:01-5:17). The Officers again were required to use OC Pepper Spray and tactical strikes in order to gain control of Plaintiff. *Id.* Plaintiff was again placed in the restraint chair. *Id.*

## IV. SUMMARY OF THE ARGUMENT

The Defendant Officers are entitled to qualified immunity with respect to both of the Plaintiff's Excessive Force Claims. The Plaintiff has failed to show that a genuine issue of material fact exists as to whether or not the Defendant Officers' use of force in both instances was unreasonable.

The District Court failed to consider whether the force used was unjustified from the perspective of a reasonable officer at the scene, taking into account the Plaintiff's interest and the legitimate government interests at stake.

Accepting the Plaintiff's allegations that are properly supported by competent evidence in the record and the video evidence in the record, and considering the Defendant Officers' uncontroverted Affidavits and reports, the record does not support the finding that a genuine issue of material fact exists concerning whether a constitutional violation occurred. Due to the Plaintiff's lack of memory of the event, the record has been constructed by video evidence and the Defendant Officers' own

reports. Plaintiff's allegations in the pleadings and the response in opposition to summary judgment are unsupported by evidence in the record.

The District Court erred as a matter of law in determining that the Plaintiff was not actively resisting at the time of the takedown by failing to take into account all of the Plaintiff's actions leading up to the takedown and instead focusing on the instant immediately prior to the takedown. Proper consideration of all the video evidence illustrates that the Plaintiff's verbal hostility, non-compliance and physical struggles indicated a volitional and conscious defiance of the Officers' orders. Further, the evidence indicates the Officers' use of force was justified due to the threat the Plaintiff's active resistance posed to institutional security and to their individual safety. To the extent the District Court's findings conflict with the Defendants' argument, the totality of the video evidence depicts the Plaintiff as actively resisting the Officers' attempts to process him into the jail and assist in getting him showered.

Finally, the District Court's determination that the Defendant Officers are not entitled to qualified immunity suggests that it failed to take into consideration the totality of the circumstances in determining that their actions were not reasonable and justified.

## V. ARGUMENT

The Defendant Officers bring this appeal for the Court to review the District Court's legal determination that a genuine issue of material fact exists as to whether the Defendant Officers' uses of force violated the Plaintiff's constitutional rights. *Johnson*, 155 F.4th at 763. Summary judgment is proper where the record shows that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law on the undisputed facts. Fed. R. Civ. P. 56. An appellate court reviews a district court's denial of summary judgment on the basis of qualified immunity *de novo*. *Feagin v. Mansfield Police Dep't,* 155 F.4th 595, 603 (6th Cir. 2025). The denial of a claim of qualified immunity on summary judgment, to the extent that it turns on a question of law, is an appealable 'final decision' under the collateral order doctrine. *Plumhoff v. Rickard*, 572 U.S. 765, 771-772 (2014).

The Court may decide a challenge to a legal aspect of the court's factual determinations, such as whether the court properly assessed the incontrovertible record evidence. *Johnson*, 155 F.4th at 763–64. Here, the Defendant Officers accept the facts as depicted by the videos and Plaintiff's assertions as supported by competent evidence in the record and raise a purse question of law – whether their conduct violated the Fourth Amendment.

The Defendant Officers have asserted qualified immunity as a defense to the Plaintiff's claims. (MSJ, R. 58, Page ID # 1220) "Qualified immunity shields

government officials from suit unless those officials (1) violated a constitutional right that (2) was clearly established when the conduct occurred." *Johnson,* 155 F.4th at 765. The Plaintiff bears the burden of showing that the Defendant Officers are not entitled to the defense of qualified immunity. *Johnson v. Moseley*, 790 F.3d 649, 653 (6th Cir. 2015). As the Defendant Officers raised the issue of qualified immunity in their motion for summary judgment, the Plaintiff therefore "must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Feagin,* 155 F.4th at 612; *citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)).

Plaintiff alleges that the Defendant Officers violated his Fourth Amendment constitutional right by using excessive force on two occasions. The question in analyzing whether force is excessive "is whether the force deployed was justified from 'the perspective of a reasonable officer on the scene,' taking due account of both the individual interest and the governmental interest at stake." *Barnes v. Felix*, 605 U.S. 73, 79 (2025) citing *Graham v. Connor*, 490 U.S. 386, 395 (1989).

The Supreme Court cautions that the determination of whether a use of force is reasonable under the Fourth Amendment is not a mechanical application and must take into consideration careful attention to the facts and circumstances of each case. *Graham,* 490 U.S. at 396. It does however provide some considerations that should play into the application of the test of reasonableness including "the severity of the

crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.*

Further, Courts must look to the totality of the circumstances to determine whether the force was objectively reasonable and thus justified. *Id; See Barnes*, 605 U.S. at 80. Courts measure the justification "'from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.'" *Feagin,* 155 F.4th at 603; *citing Graham,* 490 U.S. at 396.

Finally, the Supreme Court in Kingsley stressed that when an individual is in custody, the court must take into account the government's need to maintain order and institutional security. *Kingsley v. Hendrickson*, 576 U.S. 389, 399 (2015).

The District Court's decision errs as a matter of law because it fails to take into consideration the totality of the circumstances in determining that the Defendant Officers are not entitled to qualified immunity. Specifically, the District Court erred in determining genuine issues of material fact exist as to whether Plaintiff actively resisted the Defendant Officers prior to either use of force, it failed to take into account the legitimate government interest of the jail setting, and it did not properly consider all facts and circumstances in determining the totality of the circumstances.

1. **The District Court erred as a matter of law in determining that the Plaintiff did not actively resist the Defendant Officers.**

The District Court erred in determining genuine issues of material fact exist as to whether Plaintiff actively resisted the Defendant Officers prior to either use of force. The District Court erred, as a matter of law, in determining that the Plaintiff's acts and behaviors in both periods did not constitute active resistance. (Dist. Ct. Op., R. 85, Page ID ## 3154-3155, 3158). "Active resistance has been found where some outward manifestation—either verbal or physical—on the part of the suspect had suggested volitional and conscious defiance." *Jackson-Gibson v. Beasley*, 118 F.4th 848, 856 (6th Cir. 2024); *citing Shumate v. City of Adrian*, 44 F.4th 427, 446 (6th Cir. 2022).

As an initial matter, when discussing whether the Plaintiff actively resisted the Defendant Officers, the District Court impermissibly uses still frames to support its analysis. *See Cunningham v. Shelby Cnty., Tennessee*, 994 F.3d 761, 766–767 (6th Cir. 2021) ("…relying on screen shots, a court would violate the teaching of *Graham* against judging the reasonableness of a particular use of force based upon 20/20 hindsight.") The District Court relies on these still frames of specific moments to represent the Plaintiff's behavior and actions throughout. (*See* Dist. Ct. Op., R. 85, Page ID ## 3134-3135, 3137-3138, 3154, 3158). These singular moments do not represent the entirety of Plaintiff's actions as the uncontroverted video footage shows.

Additionally, several times the District Court references that a reasonable jury could find that the Plaintiff's actions were reflexive or unintentional. (*Id*. at Page ID ## 3152, 3158). Whether his actions were intentional or reflexive is irrelevant to the analysis, which concerns how the actions appeared to a reasonable officer at the scene. *See Feagin,* 155 F.4th at 612.

**a. The District Court erred as a matter of law in determining that there was no active resistance during the first use of force.**

The District Court's determination that there is no active resistance during the first use of force is blatantly contradicted by uncontroverted video evidence in the record. *Rudlaff v. Gillispie*, 791 F.3d 638, 639, 642 (6th Cir. 2015). In discussing its conclusion that the Plaintiff never actively resisted the officers, the Court only references the handheld camera footage, which suggests the Court did not take into account all footage from other camera angles. (*See* Dist. Ct. Op., R. 85, Page ID # 3150-3155).

The footage from two other camera angles clearly demonstrates the Plaintiff physically struggling against the Defendant Officers' control prior to the takedown. (MSJ Exh. 9, R. 58-10, Video 20210228-RTR-Booking-LovellMark-02, 117 Booking Counter Right and 169 Booking, 12:30:30-12:31:20). The footage from these angles, specifically camera 117 Booking Counter Right, shows the Plaintiff clearly tensing and struggling with the Defendant Officers' hold at the booking counter while being evaluated by the nurse. (*Id.*). The District Court's determination

that genuine issues of material fact preclude a finding that Plaintiff engaged in any active resistance is clearly contradicted by this video record. (Dist. Ct. Op., R. 85, Page ID # 3154).

The decision states "the video of the booking area incident does not show Lovell deliberately and actively pulling away before Paff executed his take-down maneuver." (*Id*.) The footage from camera 119 Booking Counter Left, however, depicts the Plaintiff struggling and trying to pull away from the Defendant Officers as he was being escorted to the restraint chair. MSJ Exh. 9, R. 58-10, Video 20210228-RTR-Booking-LovellMark-02, 119 Booking Counter Left, 12:31:20-12:31:29). This footage shows the Plaintiff shifting his body weight and pulling backwards, away from the officers that had ahold of his left arm and were closest to the restraint chair. (*Id.*) This footage contradicts a finding that the Plaintiff did not pull away before the take-down.

Additionally, the footage from camera 169 Booking contradicts a finding that the Plaintiff's did not actively resist while on the ground. (*Id.* at Page ID ## 3135, 3154; MSJ Exh. 9, R. 58-10, Video 20210228-RTR-Booking-LovellMark-02, 169 Booking, 12:31:30-12:31:50). The District Court's factual findings references a still frame photo, Doc. 81-3, Exh. 6 (Reply Exh. 6, R. 81-3, Page ID # 2613), to support its finding that while on the floor the Plaintiff "was relatively motionless and secured

by the officers." (Dist. Ct. Op., R. 85, Page ID # 3135).[2] The District Court also finds that the Plaintiff never tucked either arm under his body. (Dist. Ct. Op., R. 85, Page ID # 3154). The footage from camera 169 Booking, however, clearly captures the Plaintiff physically resisting. (MSJ Exh. 9, R. 58-10, Video 20210228-RTR-Booking-LovellMark-02, 169 Booking, 12:31:37-12:31:58).

Camera 169 Booking shows a Deputy holding the Plaintiff's straight right arm. (*Id.*). The footage clearly shows the Plaintiff pull his arm away from the hold and place it under his body. (*Id.*) This footage also depicts the Deputy's repeated attempts to remove the Plaintiff's arm from under Plaintiff's body. (*Id.*) This uncontroverted video shows Plaintiff's physical attempts to resist handcuffing, and contradicts the District Court's determination that Plaintiff was lying motionless and secured at this time. (*Id.*) Plaintiff's tucking his arm under his chest, and resisting attempts to retrieve it by the officer, depicts active resistance. *See Rudlaff,* 791 F.3d at 643; *See also, Caie v. W. Bloomfield Twp.,* 485 F. App'x 92, 96–97 (6th Cir. 2012) (force justified when subject continued to resist officers' attempts to secure arms behind his back after subject was taken to floor.).

Furthermore, the District Court's description to the Plaintiff's language as "drunken comments or verbal belligerence," downplays the cumulative import of

---

[2] As discussed above, the use of still frame photos violates the mandates of *Graham*. *Cunningham,* 994 F.3d at 766-767.

the Plaintiff's repeated, ongoing verbal hostilities to the assessment of whether he was exhibiting active resistance. (Dist. Ct. Op. R. 85, Page ID #3153; MSJ Exh. 5, R. 58-6, Video 00012, 00:50-05:27).[3] The import of these verbal hostilities, when coupled with the Plaintiff's failure to follow orders and physical struggles as depicted in the video, is an outward demonstration the Plaintiff's volitional and conscious defiance. *See Jackson-Gibson*, 118 F.4th at 856.

The totality of the video footage for the first use of force indicates that Plaintiff's acts, taken from the entirety of the booking process, constitute an ongoing volitional and conscious defiance to the Defendant Officers' instructions. The Defendant Officers were justified in increasing the force used in response to this ongoing active resistance. *Hanson v. Madison Cnty. Det. Ctr.*, 736 F. Appx 521, 531 (6th Cir. 2018). The totality of the video evidence, when considered with the Plaintiff's verbal belligerence, noncompliance with directives, and pulling away from the nurse, constitutes active resistance as a matter of law. *Barnes,* 605 U.S. at 81-82*;* (history of the interactions may inform the reasonable of a use of force; officers use of force can be justified at the ultimate moment because of what transpired in the preceding period); *See Feagin,* 155 F.4th at 609–10. (focus on

[3] The District Court indicates that the Defendants argue that verbal hostility alone can constitute active resistance. (Dist. Ct. Op. R. 85, Page ID #3153). The Defendant Officers did not make that argument, and do not at this time. The Defendant Officers argue that the Plaintiff's verbal belligerence was part of the totality of factors indicating his volitional and conscious defiance.

whether Plaintiff was actively resisting at the exact moment largely misses the point).

Thus the District Court erred as a matter of law in determining there was a genuine issue of material fact regarding Plaintiff's active resistance during the first use of force.

**b. The District Court erred as a matter of law in determining that there was no active resistance during the second use of force.**

The Court erred in determining that a genuine issue of material fact exists as to whether the Defendant Officers' use of force in the shower room was justified. (Dist. Ct. Op., R. 85, Page ID ## 3157-3158). The District Court's analysis does not address the legitimate governmental interest in jail security during the limited discussion on this second use of force. *Id.* The Court's decision only focuses on the Plaintiff's lack of threat to the officers and lack of active resistance to their attempts to gain control. *Id.*

The District Court errs in finding that the Plaintiff has met his burden to point to specific evidence in the record to counter the Defendant Officers' assertion of qualified immunity. *See Feagin* 155 F.4th at 612. The Defendant Officers' response to resistance ("RTR") reports, which are in the record, state the incident began when the Plaintiff rose from his seated position and charged Defendant Mullinex. (MSJ Exh. 6, R. 58-7, Page ID ##1353, 1356, 1358, 1361). Plaintiff, however, has not submitted any evidence into the record concerning how the incident in the shower

room began. Neither the Amended Complaint (Amend. Complaint, R. 23, Page ID #159, ¶ 34), nor the Amended Response (Amend. Res., R. 81, Page ID ## 2520-2521) contain any allegation of what precipitated the Defendant Officers' use of force.

Plaintiff does not cite to evidence in the record that refutes the RTR reports to create a genuine issue of material facts as to his charging of the officers. Plaintiff has no memory of the events in question. (Lovell Dep., R. 45, Page ID ## 705-706). Plaintiff's lack of memory is insufficient to create a genuine issue of material fact. *Farris v. Oakland Cnty., Michigan*, 96 F.4th 956, 966 (6th Cir. 2024). Plaintiff's Amended Response issues a denial that Plaintiff charged, citing to no specific evidence in the record to support that he did not charge the officer. (Amend. Resp., R. 81, Page ID # 2547). Plaintiff's unsupported denial of accounts in the Officers' RTR reports is insufficient to create a genuine issue of material fact as to whether he charged the officers. *See Feagin,* 155 F.4th at 612. The District Court errs in determining that the RTR reports are controverted by accepting the Plaintiff's unsupported denial. (*See* Dist. Ct. Op., R. 85, Page ID ## 3157-3158).

Rather than analyzing whether the Plaintiff had met his burden, the District Court analyzes the Defendant Officers' evidence in the record. *Id*. The District Court weighs the Officers' reports and determines they lack credibility in order to find a genuine issue of material fact exists. *Id*. In ruling on summary judgment, courts are

prohibited from the weighing of evidence, the drawing of inferences from facts, and the making of credibility determinations. *Bard v. Brown Cnty., Ohio*, 970 F.3d 738, 759 (6th Cir. 2020).

Additionally, the District Court's decision also states that "the video also depicts him ***in a defensive posture from the outset*** of the second incident." (Dist. Ct. Op., R. 85, Page ID #3158)(***emphasis added***). This factual determination of how the use of force began, however, is directly contradicted by the District Court's own factual findings, where the Court observes that a "commotion" in the shower room was audibly evident in the camera footage prior to the door being opened. (Dist. Ct. Op., R. 85, Page ID # 3137). The available visual footage illustrates that the incident was underway prior to video capturing the use of force. (MSJ Exh. 10, R. 58-11, Video 00013, at 4:01-4:12).

Thus, this determination that the Plaintiff was in a defensive posture when the use of force began further illustrates that the Court accepted the Plaintiff's unsupported assertions of the incident and improperly discounted the evidence properly in the record. *See Chappell v. City Of Cleveland*, 585 F.3d 901, 913 (6th Cir. 2009) (overturning a denial of qualified immunity because court's determination was not based upon "specific facts" shown by discovery materials and affidavits, but based on what it considered to be plausible inferences drawn from a lack of conclusive evidence on plaintiff's state of mind"). The Defendant Officers' RTR

reports should be considered uncontroverted, as is the fact that the Plaintiff charged Officer Mullenix. Therefore, the finding that the Plaintiff did not charge, and therefore did not actively resist, the Defendant Officers is unsupported by the evidence properly in the record.

Further, the Court further improperly determines that a genuine issue of material fact exists as to whether the Plaintiff was actively resisting after the initial take-down in the shower room. In reaching this conclusion, the District Court relies on improper evidence. The District Court again impermissibly relies on still-frame photographs rather than on the totality of the circumstances. *Cunningham,* 994 F.3d at 766-767. The Court references three separate screen-shots in discussing its factual findings (Dist. Ct. Op., R. 85, Page ID ## 3137–3138) and one during its analysis. (*Id*. at Page ID # 3158).

The District Court made the factual finding that the "the camera view of most of Lovell's body is obstructed by the Officers' bodies." (*Id*., at Page ID # 3138). The Court still utilizes that video and the still frame photograph to dismiss the RTR reports. (*Id.* at Page ID ## 3157-3158). As the camera view is obstructed, and as the Plaintiff has no memory of the event, there is no evidence in the record to contradict the RTR reports' assertion that the Plaintiff tucked his arms and resisted the Officers attempts to handcuff him. (MSJ Exh. 6, R. 58-7, Page ID ## 1353, 1356, 1358, 1361). There is not even a statement from the Plaintiff stating that he did not intend

to resist, because he does not remember the incident. *See Feagin,* 155th F.4th at 612. Despite recognizing the obstructed view, the District Court determines that the Plaintiff did not actively resist the Defendant Officers. Thus, the District Court errs as a matter of law in concluding that a jury could find genuine issue of material fact in that any of the Plaintiff's actions were involuntary and not active resistance. (*See* Dist. Ct. Op., R. 85, Page ID # 3158).

For these reasons, the District Court erred as a matter of law in determining that the Plaintiff has met his burden in pointing to evidence in the record to create a genuine issue of material fact as to whether the Defendant Officers' use of force in the shower room was justified. Additionally, as set forth above, the District Court erred as a matter of law in determining that the Plaintiff did not actively resist at any point during the two uses of force.

**2. The District Court erred in failing to consider the legitimate government interest in maintaining jail security and order.**

The District Court points out the Supreme Court in *Kingsley* recognized the fact that an individual is taken into custody at a jail facility can alter which factors are considered and what weight they are given. (Dist. Ct. Op., R. 85, Page ID # 3149; *citing Kingsley,* 135 St.Ct. at 2473). While the District Court acknowledges this point, its decision fails to include this factor in its discussion of the issues. Likewise, this approach fails to take proper consideration of a reasonable officer ***on the scene.*** *Kingsley,* 576 U.S. at 397. (***emphasis added***).

Jail settings pose different challenges to officers, based on the need "to preserve internal order and discipline, and to maintain institutional security." *Bard*, 970 F.3d at 753; *citing Kingsley,* 576 U.S. at 397; *See also Turner v. Safley,* 482 U.S. 78, 84–85 (1987). While the Defendant Officers do not contend that the institutional security alone can justify all use of forces in the jail setting, it is an important factor that needs to be taken into account, but was not.[4]

The District Court states that "a reasonable jury could conclude that the institutional threat in the Jail was virtually non-existent." (Dist. Ct. Op., R. 85, Page ID # 3156). This determination is in error as a matter of law. The District Court's evaluation of institutional security addresses the physical threat posed by the Plaintiff but fails to contemplate the jail's need to maintain order. *Caldwell v. Moore*, 968 F.2d 595, 601 (6th Cir. 1992) (Jails have "a legitimate interest in having inmates obey orders….Someone must exercise authority and control."). The District Court's analysis fails to account for the impact of a disorder created by detainee's disobedience to officers' commands and verbal hostilities. The District Court acknowledges that the Plaintiff was repeatedly ordered to stop clenching his arm and

[4] The District Court states that the Defendant Officers "argue that their significant use of force was justified based on institutional risk alone, even without active resistance." (Dist. Ct. Op., R. 85, Page ID # 3155). Defendants did not make this argument at any time. Furthermore, Defendants never cited *to Cretacci v. Call,* 988 F.3d 860 (6th Cir. 2021) at any time in their briefing; this is the case that the District Court claimed Defendants cited to support that argument. *Id.* See (MSJ, R. 58, and Reply, R. 69).

to relax but fails to consider the import of his repeated disobedience of these commands. (Dist. Ct. Op., R. 85, Page ID ## 3151-3152).

The District Court fails to analyze how a reasonable officer on the scene, concerned with maintaining order and security in the jail, would have responded to the Plaintiff's noncompliance with orders, verbal hostilities, and physical struggles. (*Id.* at Page ID #3156); *See Barnes,* 605 U.S. at 80. The Defendant Officers' "need to ensure order and security in the jail" justified their escalating use of force on a vocally belligerent, non-compliant, and struggling inmate. *Whyde v. Sigsworth,* No. 22-3581, 2024 WL 4719649, *8 (6th Cir., Nov. 8, 2024). Although the Supreme Court has stressed that courts should take into account the governmental interest in managing the facility when reviewing the reasonableness of an officer's use of force, the District Court failed to do so.

**3. The District Court failed to properly take into account all facts and circumstances and to consider the totality of the circumstances.**

The District Court's determination that the Defendant Officers are not entitled to qualified immunity is an error as a matter of law. In determining reasonableness, the court is required to consider the totality of the circumstances surrounding the use of force. *Barnes*, 605 U.S. at 80. Further, the analysis "demands 'careful attention to the facts and circumstances' relating to the incident as then known to the officer." *Id. citing Graham*, 490 U.S. at 396. Had that been done, the District Court could not have come to the conclusion that the uses of force were not justified.

The District Court's determination that there was no active resistance illustrates its approach of assessing the Plaintiff's acts and the circumstances as individual, isolated segments, rather than taking into consideration what occurred previously. The District Court's decision references the Plaintiff's vocal belligerence, the officers' repeated commands to stop clenching his fist, and the Plaintiff's pulling away from the nurse. (Dist. Ct. Op., R. 85, Page ID ## 3133, 3151-3152). Yet, when the District Court discusses its determination that a jury could find that the Plaintiff did not actively resist the officers prior to the take down in the booking area, the decision states "the video of the booking area incident does not show Lovell deliberately and actively pulling away before Paff executed his take-down maneuver" (Dist. Court Op., R. 85, Page ID # 3154). In this ultimate determination, the District Court only references this isolated moment. *Id.* This discussion illustrates the failure to take into account all the prior acts of non-compliance and verbal hostility exhibited by Plaintiff prior to the takedown that could have affected whether a reasonable officer at the scene viewed the Plaintiff's struggles to constitute active resistance. *Barnes,* 605 U.S. at 81-82*; See Feagin,* 155 F.4th at 609–10. Courts cannot simply look to the precise moment prior to the use of force to determine if the force was reasonable because prior events may show why a reasonable officer would perceive otherwise ambiguous conduct as threatening. *Barnes,* 605 U.S. at 80. Simply put, an officer's use of force can be justified at the

ultimate moment because of what had transpired in the preceding period. *Id.* at 81-82.

As the District Court reviewed each of the Plaintiff's actions in isolation in determining there was no active resistance, the District Court reviews facts or circumstances pertaining to safety concerns in isolation. The District Court's determination that the Plaintiff did not pose an immediate threat to anyone's safety further is illustrative of this point. (Dist. Court Op., R. 85, Page ID # 3159). As discussed, the District Court recognized the Defendant Officers' were aware of the Plaintiff's charges, of the threats to the arresting officer, and the Plaintiff's intoxication, however the District Court does not consider them in its analysis. (*Id.* at Page ID #3156*)*.

The Plaintiff's high intoxication provides an element of unpredictability that creates recognized safety concerns. *See Marvin v. City of Taylor,* 509 F.3d 234, 246 (6th Cir. 2007) (recognizing that drunken individuals are unpredictable and officers are not unreasonable to take safety precautions). Further, the Defendant Officers were aware that a special response was requested by the arresting officer because of the Plaintiff's aggression (*See* Bailey Aff., R. 47, Page ID # 974; Paff Aff., R. 50, Page ID # 982, ¶¶ 5 and 8). For aggressive individuals, extra officers are called from other parts of the jail to assist and as a means to show the individual, simply by their presence, that the individual should cooperate with the officers. (Paff Aff., R. 50,

Page ID # 982, ¶¶ 6, 7 and 8). The Defendant Officers witnessed the Plaintiff's increasing agitation and ongoing verbal hostilities despite the number of officers present. The discussion suggests that these circumstances, known to the Defendant Officers at the time, were not considered when it was determined that the Plaintiff did not pose an immediate threat of safety.

These instances, outlined above and elsewhere in this memorandum, depict that the decision fails to take into account all facts and circumstances known to the Defendant Officers at the time, rather viewing each fact and incident in insolation. Further, the decision fails to account for how the totality of these facts and circumstances then known to the officers would have affected a reasonable officer at the scene's determination as to what force was reasonable. *See Barnes,* 605 U.S. at 80.

## VI. CONCLUSION

For the reasons set forth above, considering the totality of the circumstances, the Defendant Officers' use of force was justified and reasonable, thus no constitutional violation occurred. The denial of the Defendant Officers' qualified immunity was in error. The Defendant Officers respectfully request that this Court overturn the District Court's decision denying the Defendant Officers qualified immunity to Counts One and Two. As the relief terminates the Plaintiff's claims,

Defendant Officers further request that this Court grant summary judgement in favor of the Defendant Officers on Counts One and Two.

Respectfully submitted,


MARK J. TEKULVE
CLERMONT COUNTY
PROSECUTOR

/s/ Brian C. Shrive

Brian C. Shrive (OH 0088980)
Jeannette E. Nichols (OH 0071627)
Daniel B. Startsman, III (OH0082282)
Assistant Prosecuting Attorneys
101 E. Main Street
Batavia, Ohio 45103
Telephone: (513) 732-8178
Facsimile: (513) 732-8171
Email:
bshrive@clermontcountyohio.gov
jnichols@clermontcountyohio.gov
dbstartsman@clermontcountyohio.gov

Counsel for Defendant Joseph Bailey in his official capacity, Defendant Eric Mullenix in his official capacity, Defendant Gregory Paff in his official and individual capacities, Defendant Dylan Pemberton in his official capacity, Defendant Alex Tincher in his official capacity and Defendant Terra Shouse in her official capacity

LAZARUS LAW, LLC

/s/Kimberly A. Rutowski by Brian C. Shrive, per email authority

Kimberly A. Rutowski (OH 0076653)
Lazarus Law, LLC
525 Vine St. Suite 2210
Cincinnati, OH 45202
Telephone: 513-721-7300
Facsimile: 513-721-7008
Email: krutowski@hllmlaw.com

Counsel for Defendant Joseph Bailey in his individual capacity, Defendant Eric Mullenix in his individual capacity, Defendant Dylan Pemberton in his individual capacity, Defendant Alex Tincher in his individual capacity and Defendant Terra Shouse in her individual capacity

## CERTIFICATE OF COMPLIANCE

The undersigned hereby certifies that this brief complies with the type volume limit of Fed. R. App. P. 32(A)(7)(B). According to the word-processing system used for the brief, it contains 6545 words, excluding parts of the brief exempted by Fed. R. App. P. 32(f).

This document also complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using the Times New Roman 14 pt. font.

Dated: March 9, 2026

Respectfully submitted,

| | |
|---|---|
| MARK J. TEKULVE<br>CLERMONT COUNTY<br>PROSECUTOR | LAZARUS LAW, LLC |
| /s/ Brian C. Shrive | /s/Kimberly A. Rutowski by Brian C. Shrive, per email authority |
| Brian C. Shrive (OH 0088980)<br>Jeannette E. Nichols (OH 0071627)<br>Daniel B. Startsman, III (OH0082282)<br>Assistant Prosecuting Attorneys | Kimberly A. Rutowski (OH 0076653) |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed electronically this 9th day of March, 2026. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Respectfully submitted,

| | |
|---|---|
| MARK J. TEKULVE<br>CLERMONT COUNTY<br>PROSECUTOR | LAZARUS & LAW, LLC |
| /s/ Brian C. Shrive | /s/Kimberly A. Rutowski by Brian C. Shrive, per email authority |
| Brian C. Shrive (OH 0088980)<br>Jeannette E. Nichols (OH 0071627)<br>Daniel B. Startsman, III (OH0082282)<br>Assistant Prosecuting Attorneys | Kimberly A. Rutowski (OH 0076653) |

## ADDENDUM

## DESIGNATION OF DISTRICT COURT RECORD

Defendants-Appellees designate the following district court documents:

| R. No. | Description of Document | Page ID # |
|---|---|---|
| 23 | Amended Complaint | 152 |
| 45 | Deposition of Mark Lovell | 705-706 |
| 47 | Affidavit of Joseph Dylan Bailey | 974 |
| 50 | Affidavit of Gregory Paff | 982 |
| 58 | Defendants' Motion for Summary Judgment ("MSJ") | 1220 |
| 58-1 | Defendants' Statement of Proposed Undisputed Facts | 1276 |
| 58-3 | Motion for Summary Judgment Ex. 2 Williamsburg Report | 1305 |
| 58-6 | Motion for Summary Judgment Ex. 5 Handheld Video 00012 | 1346 |
| 58-7 | Motion for Summary Judgment Ex. 6 | 1352, 1353, 1355-1361 |
| 58-10 | Motion for Summary Judgment Ex. 9 Video 20210228-RTR-Booking-LovellMark-02 | 1401 |
| 58-11 | Motion for Summary Judgment Ex. 10 Video 00013 | 1402 |
| 64 | Response in Opposition to Motion for Summary Judgment | 1720 |
| 69 | Plaintiff's Reply to Motion for Summary Judgment | 1849 |
| 81 | Amended Response | Full Response and specifically: 2520-2521, 2547 |
| 81-3 | Plaintiff's Reply to Motion for Summary Judgment, Exhibit 6 | 2613 |

| | | |
|---|---|---|
| 85 | District Court Opinion | Full Opinion and specifically: 3128, 3132-3138, 3149-3159 |
| 86 | Notice of Appeal | 3189 |